Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Fax: (202) 434-5029
E-mail: sraber@wc.com
E-mail: dhorniak@wc.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHYLLIS GUSTAVSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WRIGLEY SALES COMPANY, WM. WRIGLEY JR. COMPANY, MARS, INC., and MARS CHOCOLATE NORTH AMERICA, LLC,<br><br>Defendants. | **Case No. C12-01861 LHK**<br><br>**WRIGLEY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>**CLASS ACTION**<br><br>Hearing Date: January 31, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Pursuant to Federal Rule of Evidence 201, and in connection with their concurrently filed Motion to Dismiss, Defendants Wrigley Sales Company and Wm. Wrigley Jr. Company (collectively "Wrigley"), respectfully request that the Court take judicial notice of: (1) copies of the packaging for the chewing gum, breath mint, and hard candy food products referred to in Plaintiff's Amended Complaint ("Complaint"), (2) similar "misbranding" cases filed recently in this district, and (3) FDA's published guidance on nutrition labeling.

**1.     Product Packaging.**

Wrigley requests that the Court take judicial notice of the following product packaging that is incorporated by reference in the Complaint:

- Exhibit A – a true and correct copy of a package used in 2012 for Eclipse sugar free gum, Winterfrost, 18 pcs, showing the contents and layout of a retail package for that product.

- Exhibit B – a true and correct copy of a package used in 2012 for Eclipse sugar free gum, Polar Ice, 12 pcs, showing the contents and layout of a retail package for that product.

- Exhibit C – a true and correct copy of a package used in 2012 for Altoids Smalls sugar free mints, peppermint, 50 mint tin, showing the contents and layout of a retail package for that product.

- Exhibit D - a true and correct copy of a package used in 2012 for Altoids Smalls sugar free mints, wintergreen, 50 mint tin, showing the contents and layout of a retail package for that product.

- Exhibit E - a true and correct copy of a package used in 2012 for Orbit sugar free gum, peppermint, 14 pcs, showing the contents and layout of a retail package for that product.

- Exhibit F - a true and correct copy of a package used in 2012 for Orbit sugar free gum, spearmint, 14 pcs, showing the contents and layout of a retail package for that product.

- Exhibit G - a true and correct copy of a package used in 2012 for Lifesavers sugar free hard candy, 5 flavors, 2.75 oz., showing the contents and layout of a retail package for that product.

Exhibits A through G are attached to the concurrently filed Declaration of Edith DeVita.

Noticing the product labels in Exhibits A through G is appropriate because the Ninth Circuit's "incorporation by reference" doctrine permits the noticing of documents referenced or relied on in a complaint:

> Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding same). The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (brackets and ellipses omitted).

Courts addressing motions to dismiss claims based on food product labeling routinely take judicial notice of product packaging referenced in complaints. *See, e.g.*, *Lam v. General Mills, Inc.*, --- F. Supp. 2d ----, No. 11-5056, 2012 WL 1656731, at *1 (N.D. Cal. May 10, 2012) (noticing "the packaging of Fruit Roll-Ups and Fruit by the Foot"); *Williams v. Gerber Prods. Co.*, 439 F. Supp. 2d 1112, 1116 n.1 (S.D. Cal. 2006) (noticing "the actual packaging submitted by [defendant]" because it "better portrays the packaging than the black and white photocopies attached to the [complaint]"), *rev'd on other grounds by* 523 F.3d 934 (9th Cir. 2008); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033, 2012 WL 1512106, at *2 (S.D. Cal. Apr. 16, 2012) (noticing "four color reproductions of the panels of two boxes of Sugar in the Raw"); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044, at *1, 5 (N.D. Cal. Jan. 10, 2011) (noticing ice cream product labeling); *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034, 2007 WL 4766525, at *4 n.1 (C.D. Cal. Sept. 4, 2007) (noticing "high-resolution color exemplars" of Sunny Delight product packaging because "[t]hese exemplars better portray the packaging than the black and white photocopy attached to Plaintiff's [complaint]").

Here, Plaintiff not only refers extensively to Wrigley's product labeling in her Complaint, but text and information on the product labeling purports to form the basis of her claims. The Complaint states specifically that Plaintiff purchased each of the products depicted in Exhibits A through G and that she "relied on Defendants' package labeling, including the statement of identity, ingredients, serving sizes, flavanol claims, 'sugar free' claims, and nutrient content claims and based and justified the decision to purchase Defendants' products in substantial part on Defendants' packaging labeling." See Am. Compl. ¶¶ 213, 215, July 23, 2012 (ECF No. 21). Plaintiff further claims that the labels on these packages made "unlawful sugar free nutrient content claims" and "unlawful serving size claims." Id. ¶¶ 127, 136. These allegations are incorporated by reference into each and every one of the Complaint's nine claims, all of which seek relief on the premise that Wrigley's food products are allegedly "misbranded." See id. ¶¶ 231-313. Judicial notice is necessary because, although Plaintiff's allegations are premised on Wrigley's labeling, Plaintiff has not included as exhibits to her Complaint photocopies of any of the relevant labels.[1] Exhibits A through G are clear, color images that depict all panels of the Wrigley product labeling at issue in this action. Judicial notice of these labels is therefore particularly appropriate.

### 2. Table of Other Misbranding Cases.

Wrigley requests that the Court take judicial notice of Exhibit H – a table of recent "misbranding" cases filed in this District.

Noticing the "misbranding" cases listed in Exhibit H is appropriate because Federal Rule of Evidence 201 permits courts to take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This includes records of other judicial proceedings. *See, e.g.*, *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (noticing papers filed in separate proceeding).

---

[1] Plaintiff attached to her original complaint photocopies of most of the Wrigley products at issue. *See* Compl. ¶ 92 & Ex. 2, Apr. 13, 2012 (ECF No. 1). Those photocopies, however, are not fully legible, and Plaintiff did not attach them as exhibits to her amended complaint.

**3.     FDA's published guidance on nutrition labeling.**

Wrigley requests that the Court take judicial notice of Exhibit I – FDA, Guidance for Industry: A Food Labeling Guide (Oct. 2009), *available at http://www.fda.gov/Food/ GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/FoodLabelingGuide/default.htm*.

Noticing the FDA Food Labeling Guide attached as Exhibit I is appropriate because it is a guidance document disseminated by the FDA and is available on the FDA's website. *See, e.g.*, *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (taking judicial notice of FDA Food Labeling guide); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166, 2009 WL 6597891, at *2 (S. D. Cal. Dec. 23, 2009) (granting motion to notice documents available on FDA website because "[i]nformation on government agency websites has often been treated as properly subject to judicial notice").

For the foregoing reasons, Wrigley respectfully requests that Exhibits A through I be judicially noticed.

Dated:  September 14, 2012                    Respectfully submitted,


By: /s/ Stephen D. Raber
Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  sraber@wc.com
E-mail:  dhorniak@wc.com

*Attorneys for Defendants*

WRIGLEY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT - C12-01861 LHK

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Ben F. Pierce Gore | pgore@prattattorneys.com |
| | equirk@prattattorneys.com |
| | PTaylor@barrettlawgroup.com |
| | rtrazo@prattattorneys.com |
| Brian K Herrington | bherrington@barrettlawgroup.com |
| Carol Nelkin | c.nelkin@nelkinpc.com |
| | twhite@nelkinpc.com |
| Charles F. Barrett | charles@cfbfirm.com |
| | dawn@cfbfirm.com |
| David Shelton | david@davidsheltonpllc.com |
| David Malcolm McMullan, Jr | dmcmullan@barrettlawgroup.com |
| | bherrington@barrettlawgroup.com |
| | ccmirick@barrettlawgroup.com |
| Dewitt Marshall Lovelace, Sr | courtdocs@lovelacelaw.com |
| Jay P. Nelkin | jnelkin@nelkinpc.com |
| Richard Barrett | rrb@rrblawfirm.net |
| Stuart M Nelkin | snelkin@nelkinpc.com |
| | twhite@nelkinpc.com |

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Alex Peet
Lovelace Law Firm, P.A.
12870 U.S. Highway 98 West
Suite 200
Miramar Beach, FL 32550

Keith M. Fleischman
Ananda N. Chaudhuri
Frank Karam
Fleischman Law Firm
565 Fifth Avenue, 7th Floor
New York, NY 10017

J. Price Coleman
Coleman Law Firm
1100 Tyler Avenue, Suite 102
Oxford, MS 38655

---

WRIGLEY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT - C12-01861 LHK

John W. (Don) Barrett
Katherine B. Riley
Don Barrett, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095

Dated:  September 14, 2012            Respectfully submitted,


By: /s/ Stephen D. Raber
Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  sraber@wc.com
E-mail:  dhorniak@wc.com

*Attorneys for Defendants*