[Home](#) [Inspections, Compliance, Enforcement, and Criminal Investigations](#) [Enforcement Actions](#) [Warning Letters](#)

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Unilever United States, Inc. 8/23/10


**Department of Health and Human Services**

Public Health Service
Food and Drug Administration
College Park, MD 20740

August 23, 2010

**WARNING LETTER**

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Mr. Michael B. Polk
President of Unilever Americas
Unilever, Inc.
700 Sylvan Avenue
Englewood, NJ 07632-3113

Re: CFSAN-OC-10-24

Dear Mr. Polk:

The Food and Drug Administration (FDA) has reviewed the label for your "Lipton Green Tea 100% Natural Naturally Decaffeinated" product and reviewed your labeling for this product on your websites, www.lipton.com[1] and www.liptont.com[2] in August 2010. Based on our review, we have concluded that this product is in violation of the Federal Food, Drug, and Cosmetic Act (the Act). You can find the Act and regulations on FDA's website at www.fda.gov[3].

A link to .your website, www.lipton.com[4]. appears on your "Lipton Green Tea 100% Natural Naturally Decaffeinated" product label. This website directs U.S. visitors to another website, www.liptont.com[5]. We have determined that your websites, www.lipton.com[6] and www.liptont.com[7]. are labeling within the meaning of section 201(m) of the Act for your "Lipton Green Tea 100% Natural Naturally Decaffeinated" product.

**Unapproved New Drug**

Your website, www.liptont.com[8]. also promotes your Lipton Green Tea 100% Natural Naturally Decaffeinated product for conditions that cause it to be a drug under section 201(g)(1)(B) of the Act [21 U.S.C. § 321(g)(1)(B)].

For example, your webpage entitled "Tea and Health," subtitled "Heart Health Research" and further subtitled "Cholesterol Research" bears the following claim: "[F]our recent studies in people at risk for coronary disease have shown a significant cholesterol lowering effect from tea or tea flavonoids ... One of these studies, on post-menopausal women, found that total cholesterol was lowered by 8% after drinking 8 cups of green tea daily for 12 weeks ...."

The therapeutic claims on your website establish that the product is a drug because it is intended for use in the cure, mitigation, treatment, or prevention of disease. Your Lipton Green Tea 100%

Natural Naturally Decaffeinated product is not generally recognized as safe and effective for the above referenced uses and, therefore, the product is a "new drug" under section 201(p) of the Act [21 U.S.C. § 321(p)]. New drugs may not be legally marketed in the U.S. without prior approval from FDA as described in section 505(a) of the Act [21 U.S.C. § 355(a)]. FDA approves a new drug on the basis of scientific data submitted by a drug sponsor to demonstrate that the drug is safe and effective.

Your Lipton Green Tea 100% Natural Naturally Decaffeinated product is offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners; therefore, adequate directions for use cannot be written so that a layperson can use this drug safely for its intended purposes. Thus, your Lipton Green Tea 100% Natural Naturally Decaffeinated product is misbranded under section 502(f)(1) of the Act in that the labeling for this drug fails to bear adequate directions for use [21 U.S.C. § 352(f)(1)] .

**Unauthorized Nutrient Content Claims**

Under section 403(r)(1)(A) of the Act [21 U.S.C. 343(r)(1)(A)], a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation promulgated by the Secretary (and, by delegation, FDA) authorizing the use of such a claim. The use of a term, not defined by regulation, in food labeling to characterize the level of a nutrient misbrands a product under section 403(r)(1)(A) of the Act.

Nutrient content claims using the term "antioxidant" must also comply with the requirements listed in 21 CFR 101.54(g). These requirements state, in part, that for a product to bear such a claim, an RDI must have been established for each of the nutrients that are the subject of the claim (21 CFR 101.54(g)(1)), and these nutrients must have recognized antioxidant activity (21 CFR 101.54(g)(2). The level of each nutrient that is the subject of the claim must also be sufficient to qualify for the claim under 21 CFR 101.54(b), (c), or (e) (21 CFR 101.54(g)(3)). For example, to bear the claim "high in antioxidant vitamin C," the product must contain 20 percent or more of the RDI for vitamin C under 21 CFR 101.54(b). Such a claim must also include the names of the nutrients that are the subject of the claim as part of the claim or, alternatively, the term "antioxidant" or "antioxidants" may be linked by a symbol (e.g., an asterisk) that refers to the same symbol that appears elsewhere on the same panel of the product label, followed by the name or names of the nutrients with recognized antioxidant activity (21 CFR 101.54(g)(4)). The use of a nutrient content claim that uses the term "antioxidant" but does not comply with the requirements of 21 CFR 101.54(g) misbrands a product under section 403(r)(2)(A)(i) of the Act.

Your webpage entitled "Tea and Health" and subtitled "Tea Antioxidants" includes the statement, "LIPTON Tea is made from tea leaves rich in naturally protective antioxidants." The term "rich in" is defined in 21 CFR 101.54(b) and may be used to characterize the level of antioxidant nutrients (21 CFR 101.54(g)(3)). However, this claim does not comply with 21 CFR 101.54(g)(4) because it does not include the nutrients that are the subject of the claim or use a symbol to link the term "antioxidant" to those nutrients. Thus, this claim misbrands your product under section 403(r)(2)(A)(i) of the Act.

This webpage also states that "tea is a naturally rich source of antioxidants." The term "rich source" characterizes the level of antioxidant nutrients in the product and, therefore, this claim is a nutrient content claim (see section 403(r)(1) of the Act and 21 CFR 101.13(b)). Even if we determined that the term "rich source" could be considered a synonym for a term defined by regulation (e.g., "high" or "good source"), nutrient content claims that use the term "antioxidant" must meet the requirements of 21 CFR 101.54(g). The claim "tea is a naturally rich source of antioxidants" does not include the nutrients that are the subject of the claim or use a symbol to link the term "antioxidant" to those nutrients, as required by 21 CFR 101.54(g)(4). Thus, this claim misbrands your product under section 403(r)(2)(A)(i) of the Act.

The product label back panel includes the statement "packed with protective FLAVONOID ANTIOXIDANTS." The term "packed with" characterizes the level of flavonoid antioxidants in the product; therefore, this claim is a nutrient content claim (see section 403(r)(1) of the Act and 21 CFR 101.13(b)). Even if we determined that the term "packed with" could be considered a synonym for a term defined by regulation, nutrient content claims that use the term "antioxidant"

must meet the requirements of 21 CFR 101.54(g). The claim "packed with FLAVONOID ANTIOXIDANTS" does not comply with 21 CFR 101.54(g)1) because no RDI has been established for flavonoids. Thus, this unauthorized nutrient content claim causes your product to be misbranded under section 403(r)(2)(A)(i) of the Act.

The above violations are not meant to be an all-inclusive list of deficiencies in your products or their labeling. It is your responsibility to ensure that all of your products are in compliance with the laws and regulations enforced by FDA. You should take prompt action to correct the violations. Failure to promptly correct these violations may result in regulatory actions without further notice, such as seizure and/or injunction.

We note that your label contains a chart entitled "Flavonoid Content of selected beverages and foods." The chart appears to compare the amounts of antioxidants in your product with the amount of antioxidants in orange juice, broccoli, cranberry juice and coffee. However, the information provided may be misinterpreted by the consumer because although the chart is labeled, in part, "Flavonoid Content," the y-axis is labeled "AOX"; therefore, the consumer might believe that the chart is stating the total amount of antioxidants rather than specifically measuring the amount of flavonoids in the product.

You should take prompt action to correct these violations. Please respond to this letter within 15 days from receipt with the actions you plan to take in response to this letter, including an explanation of each step being taken to correct the current violations and prevent similar violations. Include any documentation necessary to show that correction has been achieved. If you cannot complete corrective action within fifteen working days, state the reason for the delay and the time within which you will complete the correction.

You should direct your written reply to Latasha A. Robinson, Food and Drug Administration, Center for Food Safety and Applied Nutrition, 5100 Paint Branch Parkway, Office of Compliance (HFS-608), Division of Enforcement, College Park, Maryland 20740-3835.

Sincerely,

/s/


Jennifer A. Thomas
Acting Director
Office of Compliance
Center for Food Safety
and Applied Nutrition


cc: FDA New Jersey District

**Close Out Letter**

- Unilever United States, Inc. - Close Out Letter 5/10/11[9]

Page Last Updated: 08/09/2011
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

    Accessibility Contact FDA Careers FDA Basics FOIA No Fear Act Site Map Transparency Website Policies


U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Email FDA



For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals



**Links on this page:**

1. http://www.lipton.com/
2. http://www.liptont.com/
3. http://www.fda.gov
4. http://www.lipton.com/
5. http://www.liptont.com/
6. http://www.lipton.com/
7. http://www.liptont.com/
8. http://www.liptont.com/
9. /ICECI/EnforcementActions/WarningLetters/2010/ucm267398.htm

Home Inspections, Compliance, Enforcement, and Criminal Investigations Enforcement Actions Warning Letters

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Jonathan's Sprouts Inc. 3/24/11


Department of Health and Human Services

Public Health Service
Food and Drug Administration
New England District
One Montvale Avenue
Stoneham, Massachusetts 02180
(781) 587-7500
FAX: (781) 587-7556

**WARNING LETTER**
**NWE-13-11W**

**VIA UNITED PARCEL SERVICE**
**OVERNIGHT DELIVERY**

March 24, 2011

Mr. Robert Sanderson
Owner
Jonathan's Sprouts Inc.
384 Vaughan Hill Road
Rochester, MA 02770

Dear Mr. Sanderson:

The United States Food and Drug Administration (FDA) conducted an inspection of your facility located at 384 Vaughan Hill Road, Rochester, MA, from September 27, 2010 to October 13, 2010. The inspection determined that your firm is a manufacturer and distributor of sprouts. During the inspection, our investigators collected sample labels for your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts. The FDA reviewed your website at http://www.jonathansorganic.com[1], in February 2011 and determined that this website constitutes labeling under section 201(m) of the Federal Food, Drug, and Cosmetic Act (the Act) because the website address appears on the label of your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts. Based on our review of your product labels and website, your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts products are promoted for conditions that cause the products to be drugs under section 201(g)(1)(B) of the Act [21 U.S.C. § 321(g)(1)(B)] and are misbranded within the meaning of section 403 of the Act [21 U.S.C. § 343]. Regulations implementing the food labeling requirements of the Act can be found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101). You can find the Act and implementing regulations through links on FDA's Internet home page at http://www.fda.gov[2].

Unapproved New Drug

Your website address www.jonathansorganic.com[3] appears on your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts and Organic Broccoli Sprouts product labels. We have reviewed your website in February 2011 and have determined that your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts and Organic Broccoli Sprouts products are promoted for conditions that cause the products to be drugs under section 201(g)(1)(B) of the Act [21 U.S.C. § 321(g)(1)(B)]. The therapeutic claims on your website establish that the products are drugs because they are intended for use in the cure, mitigation, treatment or prevention of disease. The marketing of these products with these claims violates the Act. Examples of some of the claims observed on your website from the webpage entitled "Sprouts, The Miracle Food! - Rich Vitamins, Minerals and Phytochemicals" and in a brochure entitled "Health Benefits of Sprouts" that can be viewed and downloaded from your website include, but are not limited to the following:

- "[S]prouts are full of phytochemicals . . . that are powerful allies in protecting us from the growth of cancer cells . . . in lowering cholesterol levels . . . ."

- "Mung Bean Sprouts Identified as Potent Anti-tumor Agent"

- "Studies on canavanine . . . in alfalfa, have demonstrated benefit for pancreatic, colon and leukemia cancers."

- "Alfalfa Sprouts High in Cholesterol Lowering Agent"

- "Saponins [substance found in alfalfa sprouts] lower the bad cholesterol . . . . Animal studies prove their benefit in arteriosclerosis and cardiovascular disease."

- "Phytoestrogens [substance in alfalfa, clover, and mung bean sprouts] . . . prevent . . . osteoporosis. They are also helpful in controlling . . . fibrocystic breast tumors."

- "Research into the possible benefits of phytoestrogens has focused on . . . a) Cancer-breast and prostate in particular . . . c) Osteoporosis d) Heart disease (antioxidant activity) Other potential areas of benefit include diabetes . . . ."

- "The cruciferous sprouts: Broccoli, [lists others] . . . Cancer Fighters"

- "Broccoli . . . may fight cancer."

- "Broccoli sprouts are rich in one class of cancer protecting agents."

- "There is strong evidence that just two or three tablespoons of broccoli sprouts a day can help prevent cancer, gastric cancer, and other diseases."

- "[S]ulforaphane [obtained from a substance in broccoli] prevents tumor growth and kills stomach bacteria that lead to ulcers and stomach cancer. In one study, they showed that feeding broccoli sprouts to rats prevented . . . heart disease, and stroke."

These products are not generally recognized as safe and effective for the above referenced uses; therefore these products are "new drugs" under section 201(p) of the Act [21 U.S.C. § 321(p)].

New drugs may not be legally marketed in the United States without prior approval from the FDA as described in section 505(a) of the Act [21 U.S.C. § 355(a)]. FDA approves a new drug on the basis of scientific data submitted by a drug sponsor to demonstrate that the drug is safe and effective. In addition, your products are offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners; hence adequate directions cannot be written so a layman can use them safely for their intended uses. Therefore, your products are also misbranded within the meaning of section 502(f)(1) of the Act, in that the labeling for these drugs fail to bear adequate directions for use [21 U.S.C. § 352(f)(1)].

Unauthorized Health Claims

Your Organic Alfalfa Sprouts, Organic Mung Bean Sprouts and Organic Clover Sprouts products are misbranded within the meaning of 403(r)(1)(B) of the Act [21 U.S.C. § 343(r)(1)(B)] because the labeling bears unauthorized health claims. Your website is referenced on each of the above product labels and was found to contain the following unauthorized health claims on the webpage entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals":

- "[P]hytoestrogens [substance found in alfalfa, clover, and mung bean sprouts] . . . may have desirable effects, for example reduce the risk of breast cancer."

- "Phytoestrogens actually reduce the risk of breast cancer."

These health claims misbrand the products listed above because these health claims have not been authorized either by regulation [see section 403(r)(3)(A)-(B) of the Act [21 U.S.C. § 343(r)(3)(A)-(B)]] or under authority of the health claim notification provision of the Act [see section 403(r)(3)(C) of the Act [21 U.S.C. § 343(r)(3)(C)]]. FDA has not authorized any health claims for phytoestrogens.

Unauthorized Nutrient Content Claims

Your Organic Alfalfa Sprouts, Organic Broccoli Sprouts, Organic Mung Bean Sprouts, and Organic Clover Sprouts products are misbranded within the meaning of section 403(r)(1)(A) of the Act [21 U.S.C. § 343(r)(1)(A)] because the product labels bear nutrient content claims that are not authorized by regulation or fail to meet the terms of authorizing regulations. Under section 403(r)(2)(A)(i) of the Act, a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation promulgated by the Secretary (and, by delegation, FDA) authorizing the use of such a claim. The use of a term, not defined by regulation, in food labeling to characterize the level of a nutrient of a type required to be in the labeling misbrands a product under section 403(r)(1)(A) of the Act. Specifically,

1. Your product labels and labeling bear antioxidant nutrient content claims but fail to comply with the requirements for using such a claim. Nutrient content claims using the term "antioxidant" must comply with, among other requirements, the requirements listed in 21 CFR 101.54(g). These requirements state, in part, that for a product to bear such a claim, a reference daily intake (RDI) must have been established for each of the nutrients that are the subject of the claim [21 CFR 101.54(g)(1)], and these nutrients must have recognized antioxidant activity [21 CFR 101.54(g)(2)]. The level of each nutrient that is the subject of the claim must also be sufficient to qualify for the claim under 21 CFR 101.54(b), (c), or (e) [21 CFR 101.54(g)(3)]. For example, to bear the claim "high in antioxidant vitamin C," the product must contain 20 percent or more of the RDI for vitamin C under 21 CFR 101.54(b). Such a claim must also include the names of the nutrients that are the subject of the claim as part of the claim or, alternatively, the term "antioxidant" or "antioxidants" may be linked by a symbol (e.g., an asterisk) that refers to the same symbol that appears elsewhere on the same panel of the product label, followed by the name or names of the

nutrients with recognized antioxidant activity [21 CFR 101.54(g)(4)]. The antioxidant claims found in your product labeling are nutrient content claims because they characterize the level of antioxidants in your product, but they do not comply with 21 CFR 101.54(g)(4) because they do not include the names of the nutrients that are the subject of the claim or link the nutrients with the claim by use of a symbol. This includes the following claims:

- On your website on the page entitled "Tasty, Nutritious Sprout Recipes: Index": "All Sprouts are . . . HIGH IN ANTIOXIDANTS."

- On your website on the page entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals": "Sprouts also contain an abundance of highly active antioxidants . . . ."

2. In accordance with 21 CFR 101.54(b), the terms "high," "rich in," or "excellent source of" may be used to characterize the level of a nutrient on the label and in the labeling of foods provided that the food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed (RACC). Your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Broccoli Sprouts, and Organic Clover Sprouts products do not meet the requirements to make certain "high" claims that appear in your product labeling. Specifically:

The webpage entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals" found on your website bears the claim "Sprouts . . . Rich in Vitamins, Minerals . . ." However, as stated on your nutrition facts panels, your Organic Alfalfa Sprouts and Organic Clover Sprouts products both contain only 2 percent of the Reference Daily Intake (RDI) for vitamin A and calcium, 10 percent of the RDI for vitamin C, and 4 percent of the RDI for iron. Neither of these products contains vitamins or minerals at levels that are 20 percent or more of the RDI. In addition, as stated on your nutrition facts panels, your Organic Broccoli Sprouts contain 10 percent of the RDI for vitamin A, 60 percent of the RDI for vitamin C, 6 percent of the RDI for Calcium, and 4 percent of the RDI for Iron. Your Organic Mung Bean Sprouts contain 4 percent of the RDI for vitamin A, 20 percent of the RDI for vitamin C, 2 percent of the RDI for Calcium, and 4 percent of the RDI for Iron. Neither of these products contain minerals at 20 percent or more of the RDI.

Although your labels do state that your Organic Broccoli Sprouts and Organic Mung Bean Sprouts contain 20 percent or more of the RDI for vitamin C, the claim uses the plural "Vitamins," implying that more than one vitamin should be present at levels of 20 percent or more of the RDI. Therefore your Organic Alfalfa Sprouts, Organic Clover Sprouts, Organic Broccoli Sprouts, and Organic Mung Bean Sprouts products do not meet the requirements to make "rich in" claims for vitamins and minerals.

- Your webpage entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals" bears the claim "Clover Sprouts High in Phytoestrogens[.]" This claim characterizes the level of nutrients of the type required to be in nutrition labeling (phytoestrogens) in your products by use of the defined term "high." However, because there is no established RDI or DRV for phytoestrogens, this claim does not comply with the requirements for use of the term "high" in 21 CFR 101.54(b).

3. In accordance with 21 CFR 101.54(c), the term "good source" may be used to characterize the level of a nutrient on the label and in the labeling of foods provided that the food contains 10 to 19 percent of the RDI or the DRV per RACC. Your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Broccoli Sprouts, and Organic Clover Sprouts products do not meet the requirements to make the following "good source" claim that appears in your product labeling.

- Your webpage entitled "Tasty, Nutritious Sprout Recipes: Index" bears the nutrient content

claim: "They [all sprouts] provide a good source of . . . calcium . . . as well as fiber, iron . . . ." However, as stated on your nutrition facts panels for your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts these products fail to contain at least 10 percent of the RDI for calcium and iron. All of these products, with the exception of your Organic Broccoli Sprouts product, also fail to meet the requirement to bear a good source of fiber claim because, as stated on your nutrition facts panels, they fail to contain at least 10 percent of the DRV for dietary fiber.

4. Your webpage entitled "Tasty, Nutritious Sprout Recipes: Index" bears the nutrient content claim "They [all sprouts] provide a good source of vitamins B . . . and K, phosphorus . . . potassium . . . and thiamin." However, Your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Broccoli Sprouts, and Organic Clover Sprouts products product labels fail to provide information about the levels of vitamin B, vitamin K, phosphorus, potassium, and thiamin in those products as required under 21 CFR 101.9(c)(8)(ii), 101.9(c)(5), and 101.13(n). Therefore, these products are misbranded under section 403(q) and 403(r)(1)(A) of the Act. Further, because the nutrient levels are not declared, it is not clear whether the products have the required minimum 10 percent of the RDI or DRV per RACC of these nutrients as required under 21 CFR 101.54(c) for use of the defined term "good source."

5. In accordance with 21 CFR 101.65(c)(2), the phrases "contains the same amount of [nutrient] as a [food]" and "as much [nutrient] as a [food]" may be used on the label or in the labeling of foods, provided that the amount of the nutrient in the reference food is enough to qualify that food as a "good source" of that nutrient, and the labeled food, on a per serving basis, is an equivalent, good source of that nutrient (e.g., "as much fiber as an apple," "Contains the same amount of Vitamin C as an 8 oz. glass of orange juice."). Your products fail to meet the requirements to make this type of implied nutrient content claim, which is contained in your product labeling. Specifically:

• Your webpage entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals" bears the implied nutrient content claim: "one-half cup of almost any sprouted seed provides as much Vitamin C as six glasses of orange juice." According to your product labels one 85 g serving is equal to a cup of sprouts; therefore, one half of a labeled serving would equal a half cup. As stated on your nutrition facts panels, one half serving of your Organic Alfalfa Sprouts contains 5 percent of the RDI of Vitamin C, one half serving of your Organic Broccoli Sprouts contains 30 percent of the RDI of Vitamin C, one half serving of your Organic Clover Sprouts contains 5 percent of the RDI of Vitamin C, and one half serving of your Organic Mung Bean Sprouts contains 10 percent of the RDI of Vitamin C. However, based on the USDA National Nutrient Database,one 8 oz. serving of raw orange juice contains 124 mg of Vitamin C, which is over 200 percent of the RDI. Your Organic Alfalfa Sprouts, Organic Broccoli Sprouts, Organic Clover Sprouts, and Organic Mung Bean Sprouts do not contain as much Vitamin C as a single 8 oz. serving of orange juice and, by extension, do not contain as much Vitamin C as six 8 oz. glasses of orange juice; therefore, these products do not meet the requirements to make this claim.

• Your webpage entitled "Tasty, Nutritious Sprout Recipes: Index" bears the implied nutrient content claim: "By weight, most sprouts contain twice the protein of meat." Your product labels declare an 85 gram serving size. As stated on your nutrition facts panels, 85 grams of your Organic Alfalfa Sprouts contains 3 grams of protein, 85 grams of your Organic Broccoli Sprouts contains 2 grams of protein, 85 grams of your Organic Clover Sprouts contains 3 grams of protein, and 85 grams of your Organic Mung Bean Sprouts contains 3 grams of protein. However, based on the USDA National Nutrient Database, an 85 gram serving of chicken tenders cooked in a conventional oven contains 13.41 grams of protein; an 85 gram serving of beef, bottom sirloin, tri-tip roast, separable lean and fat, trimmed to 0" fat, choice, cooked, roasted contains 21.81 grams of protein; and an 85 gram serving of pork, fresh, loin, sirloin (roasts), boneless, separable lean and fat, cooked, roasted contains 24.22 grams of protein. Your Organic Alfalfa Sprouts, Organic Broccoli Sprouts, Organic Clover Sprouts,

and Organic Mung Bean Sprouts do not contain as much protein by weight as chicken, beef or pork, and, by extension, do not contain twice the protein by weight of chicken, beef or pork. Therefore, your products do not meet the requirements to make this claim.

6. In accordance with 21 CFR 101.61(b)(1)(i), the term "sodium free" may be used on the label or in the labeling of foods provided that the food contains less than 5 mg of sodium per RACC and per labeled serving. The webpage entitled "Tasty, Nutritious Sprout Recipes: Index" bears the claim "Sprouts are sodium free." Your Organic Broccoli Sprouts contain 25 mg of sodium per 85 g labeled serving as declared on your nutrition facts panel; therefore, it does not meet the requirements to make a "sodium free" claim.

7. Your Organic Clover Sprouts product label bears the claim "Phytoestrogen Source[.]" Your webpage entitled "Sprouts, The Miracle Food! - Rich in Vitamins, Minerals and Phytochemicals" bears the claim "Alfalfa sprouts are one of our finest food sources of . . . saponin." These claims are nutrient content claims subject to section 403(r)(1)(A) of the Act because they characterize the level of nutrients of a type required to be in nutrition labeling (phytoestrogen and saponin) in your products by use of the term "source." Under section 403(r)(2)(A) of the Act, nutrient content claims may be made only if the characterization of the level made in the claim uses terms which are defined by regulation. However, FDA has not defined the characterization "source" by regulation. Therefore, this characterization may not be used in nutrient content claims.

We acknowledge your firm's efforts in addressing the issues raised in the FDA-483 Inspectional Observations that was issued to you on October 13, 2010 and the specific corrections your letter indicates that you have made. Your corrective actions will be further evaluated during our next inspection of your facility and your response will be filed as a part of the inspectional record for this facility. The above violations are not meant to be an all inclusive list of deficiencies on your labels. It is your responsibility to assure that all of your sprout products are labeled and processed in compliance with the laws and regulations enforced by FDA. You should take prompt action to correct these deviations and prevent their future recurrence. Failure to make prompt corrections could result in regulatory action without further notice. Possible actions include seizure and/or injunction.

We also have the following comments about your product labels:

Your Organic Mung Bean Sprouts, Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts are single ingredient foods and therefore are not required to bear an ingredients declaration under section 403(i)(2) of the Act [21 U.S.C. § 343(i)(2)]. You have elected to provide ingredients statements on these products. Your ingredients statements on each of these products declare the corresponding type of seed (i.e. "Contents: Organic Alfalfa Seeds"). However, as required by section 403(i)(2) of the Act, your ingredient declaration must use the food's common or usual name, which is the name of the specific kind of sprout (i.e., "Contents: Alfalfa Sprouts").

Your Organic Alfalfa Sprouts, Organic Clover Sprouts, and Organic Broccoli Sprouts product labels contain the statements "Certified Organic by QAI," and "Product of USA" on the information panel between the name and place of business and ingredients statement. However, 21 CFR 101.2(e) requires that all required information appearing on the information panel shall appear in one place without intervening material.

You should respond in writing within fifteen (15) working days from your receipt of this letter. Your response should outline the specific things you are doing to correct these violations. You should include in your response documentation or other useful information that would assist us in evaluating your corrections. If you cannot complete all corrections before you respond, you should explain the reason for your delay and state when you will correct any remaining violations.

Please send your reply to the Food and Drug Administration, Attention: Attention: Lori A. Holmquist, Compliance Officer, 330 Civic Center Drive, Suite 1, Box 4, Augusta, Maine 04330. If you have questions regarding any issues in this letter, please contact Ms. Holmquist at 207.622.8268 x13.

Sincerely,

/S/

Mutahar S. Shamsi

District Director

New England District

**Close Out Letter**

- Jonathan's Sprouts Inc - Close Out Letter 6/22/11[4]

Page Last Updated: 06/23/2011
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

Accessibility Contact FDA Careers FDA Basics FOIA No Fear Act Site Map Transparency Website Policies

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Email FDA

    

For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals

 U.S. Department of **Health & Human Services**

**Links on this page:**

1. http://www.jonathansorganic.com
2. http://www.fda.gov
3. http://www.jonathansorganic.com
4. /ICECI/EnforcementActions/WarningLetters/2011/ucm260559.htm

[Home](#) [Inspections, Compliance, Enforcement, and Criminal Investigations](#) [Enforcement Actions](#) [Warning Letters](#)

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Diaspora Tea & Herb dba Rishi Tea 4/20/11


**Department of Health and Human Services**

Public Health Service
Food and Drug Administration
Minneapolis District Office
Central Region
250 Marquette Avenue, Suite 600
Minneapolis, MN  55401
Telephone: (612) 334-4100
FAX: (612) 334-4142

April 20, 2011

**WARNING LETTER**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**Refer to MIN 11 — 21**

Joshua Kaiser
President and Co-owner
Diaspora Tea & Herb Co., LLC
427 East Stewart Street
Milwaukee, Wisconsin  53207

Dear Mr. Kaiser:

This is to advise you that the Food and Drug Administration (FDA) reviewed your website at the Internet address http://www.rishi-tea.com/store/index.php[1] in January 2011.  FDA has determined that your Oolong Tea, Ginger, Organic Botanical, Green Oolong Tea, 100% Premium Tealeaf Powder, and Pu-erh Tea products are promoted for conditions that cause the products to be drugs under section 201(g)(1)(B) of the Federal Food, Drug and Cosmetic Act (the Act), 21 U.S.C. § 321 (g)(1)(B).  The therapeutic claims on your website establish that these products are drugs because they are intended for use in the cure, mitigation, treatment, or prevention of disease.  Additionally, FDA has determined that your Yerba Maté Shade Grown, Organic Yerba Maté, White Tea, Pu-erh Tea, Green Oolong Tea, 100% Premium Tealeaf Powder, Matcha, 100% Premium Tea Powder, Blueberry Rooibos, Organic Fair Trade Rooibos Blend, Green Rooibos (Green Bush), Organic Fair Trade Botanical, and Super Green, Organic Japanese Green Tea products are also misbranded within the meaning of section 403(r)(1)(A) of the Act, 21 U.S.C. § 343(r)(1)(A). The marketing of these products with these claims violates the Act.  You can find copies of the Act through links on FDA's home page at http://www.fda.gov[2].

**I. Unapproved New Drugs**

Examples of disease claims on your website http://www.rishi-tea.com/store/[3] index.php include:

**Ginger, Organic Botanical**

- "[G]inger is used in food and drinks as a preventive medicine against colds [and] flus."

**Green Oolong Tea, 100% Premium Tealeaf Powder**

- "The powerful antioxidants found in tea are believed to help prevent cancer [and] lower cholesterol…."

**Pu-erh Tea**

- "Recent research suggests that consuming 5-8 cups of Pu-erh Tea each day can reduce cholesterol and plaque of the arteries."

**Oolong Tea**

- "Regular consumption of Oolong Tea is linked to the reduction of plaque in the arteries, reduction of cholesterol and lowering of blood sugar."
- "Oolong Tea is…prized for its cholesterol reducing…."

Your Oolong Tea, Ginger, Organic Botanical, Green Oolong Tea, 100% Premium Tealeaf Powder and Pu-erh Tea products are not generally recognized as safe and effective for the above referenced uses and, therefore, are also "new drugs" under section 201(p) of the Act, 21 U.S.C. § 321(p). New drugs may not be legally marketed in the U.S. without prior approval from FDA, as described in section 505(a) of the Act, 21 U.S.C. § 355(a). FDA approves a new drug on the basis of scientific data submitted by a drug sponsor to demonstrate that the drug is safe and effective.

**II. Unauthorized Nutrient Content Claims**

Under section 403(r)(1)(A) of the Act, a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation promulgated by the Secretary (and, by delegation, FDA) authorizing the use of such a claim. Characterizing the level of a nutrient in food labeling of a product without complying with specific requirements pertaining to nutrient content claims for that nutrient misbrands the product under section 403(r)(1)(A) of the Act.

Nutrient content claims that use the defined terms "rich in" or "high" may be used in the labeling of a food only if the food contains 20 percent or more of the daily value (DV) of that nutrient per reference amount customarily consumed (RACC), Title 21, Code of Federal Regulations (21 CFR), 101.54(b)(1). Such claims may not be made about a nutrient for which there is no established DV. However, your website bears "high" and "rich in" nutrient content claims about nutrients for which there are no established DV.

The following are examples of unauthorized "high" and "rich in" nutrient content claims on your website:

**Pu-erh Tea**

- "[R]ich in Tea Polyphenols and Theaflavins…rich in Thearubigin and Theabrownin…."

**Super Green, Organic Japanese Green Tea**

- "Super Green is…high in amino acids…."

**White Tea**

- "White Tea…contain[s] high concentrations of…L-Theanine Amino Acid."

Additionally, your website bears nutrient content claims using the term "antioxidant." Nutrient content claims using the term "antioxidant" must also comply with the requirements listed in 21 CFR 101.54(g). These requirements state, in part, that for a product to bear such a claim, a Recommended Daily Intake (RDI) must have been established for each of the nutrients that are the subject of the claim, 21 CFR 101.54(g)(1), and these nutrients must have recognized antioxidant activity, 21 CFR 101.54(g)(2). The level of each nutrient that is the subject of the claim must also be sufficient to qualify for the claim under 21 CFR 101.54(b), (c), or (e), 21 CFR 101.54(g)(3). Such a claim must also include the names of the nutrients that are the subject of the claim as part of the claim or, alternatively, the term "antioxidant" or "antioxidants" may be linked by a

symbol (e.g., an asterisk) that refers to the same symbol that appears elsewhere on the same panel of the product label, followed by the name or names of the nutrients with recognized antioxidant activity, 21 CFR 101.54(g)(4). The use of a nutrient content claim that uses the term "antioxidant" but does not comply with the requirements of 21 CFR 101.54(g) misbrands a product under section 403(r)(2)(A)(i) of the Act.

The following are examples of nutrient content claims on your website that use the term "antioxidant" but do not include the names of the nutrients that are the subject of the claim as required under 21 CFR 101.54(g)(4):

### Yerba Maté Shade Grown, Organic Yerba Maté

- "Yerba Maté is…rich in… antioxidants."

### Blueberry Rooibos, Organic Fair Trade Rooibos Blend

- "Antioxidant-rich…."

### Green Rooibos (Green Bush), Organic Fair Trade Botanical

- "Caffeine-free Green Rooibos…contain[s] high concentrations of antioxidants…."

Additionally, the following are examples of nutrient content claims on your website that use the term "antioxidant," but where the nutrients that are the subject of the claim do not have an established RDI as required under 21 CFR 101.54(g)(1):

### White Tea

- "White Tea… contain[s] high concentrations of… antioxidant polyphenols (tea catechins)…."

### Matcha, 100% Premium Tea Powder

- "Antioxidant rich…222mg polyphenols per serving!"

### Genmai Green Tea, 100% Premium Tealeaf Powder

- "Antioxidant rich…65mg polyphenols per serving!"

### Green Oolong Tea, 100% Premium Tealeaf Powder

- "Antioxidant rich…109mg polyphenols per serving!"
- "[R]ichest sources of flavonoid antioxidants…."

The above violations are not meant to be an all-inclusive list of deficiencies in your products and their labeling. It is your responsibility to ensure that products marketed by your firm comply with the Act and its implementing regulations. We urge you to review your website, product labels, and other labeling and promotional materials for your products to ensure that the claims you make for your products do not cause them to violate the Act. The Act authorizes the seizure of illegal products and injunctions against manufacturers and distributors of those products, 21 U.S.C. §§ 332 and 334. You should take prompt action to correct these violations and prevent their future recurrence.  Failure to do so may result in enforcement action without further notice.

Please respond in writing within 15 working days from your receipt of this letter. Your response should outline the specific actions you are taking to correct these violations and to prevent similar violations. You should include in your response documentation such as revised labels or other useful information that would assist us in evaluating your corrections. If you cannot complete all corrections before you respond, we expect that you will explain the reason for the delay and state when you will correct any remaining violations.

Your reply should be sent to the attention of Compliance Officer Tyra S. Wisecup at the address on the letterhead.

Sincerely,

/s/

Gerald J. Berg
Director

Minneapolis District

**Close Out Letter**

- Diaspora Tea & Herb Co., LLC - Close Out Letter 2/3/12[4]

Page Last Updated: 02/10/2012
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

Accessibility Contact FDA Careers FDA Basics FOIA No Fear Act Site Map Transparency Website Policies

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Email FDA

    

For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals

 U.S. Department of **Health & Human Services**

**Links on this page:**

1. http://www.rishi-tea.com/store/index.php
2. http://www.fda.gov
3. http://www.rishi-tea.com/store/
4. /ICECI/EnforcementActions/WarningLetters/2011/ucm291275.htm

Home Inspections, Compliance, Enforcement, and Criminal Investigations  Enforcement Actions  Warning Letters

**Inspections, Compliance, Enforcement, and Criminal Investigations**

**Hail Merry, LLC 10/23/12**


Department of Health and Human Services

Public Health Service
Food and Drug Administration
Dallas District
4040 North Central Expressway
Dallas, Texas 75204-3128

October 23, 2012
**2013-DAL-WL-006**

**WARNING LETTER**

**UPS OVERNIGHT**

Sarah P. Chapin, Chief Executive Officer
Susan O'Brien, Owner
Hail Merry, LLC
8805 Sovereign Row, Suite 101
Dallas, TX 75247

Dear Ms. Chapin and Ms. O'Brien:

The U.S. Food and Drug Administration (FDA) inspected your food manufacturing facility located at 8805 Sovereign Row, Suite 101, Dallas, Texas from October 17 through 19, 2011. During this inspection we collected labels for your food products Grawnola Orange Cranberry (1.75 oz), Merry's Miracle Tart Chocolate (3 oz), Almonds Vanilla Maple (1.75 oz), and Sunflower Seeds Salt n Black Pepper (4 oz). We also reviewed your website at www.hailmerry.com. Based on our review of your labels and your website, we have concluded that your products are in violation of sections 403, 505(a), and 502(f)(1) of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. §§ 343, 355(a), and 352(f)(1)] and the regulations implementing the food labeling requirements of the Act, which are found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101). You can find the Act and FDA regulations through links in FDA's website at www.fda.gov[1] .

**Unapproved New Drugs**

Your labeling, including your product labels and your website, www.hailmerrv.com, promotes your food products for conditions that cause the products to be drugs under section 201(g)(1) of the Act [21 U.S.C. § 321(g)(1)]. The therapeutic claims on your labeling establish that your products are drugs because they are intended for use in the cure, mitigation, treatment or prevention of disease. The marketing of these products with these claims violates the Act.

Examples of some of the claims found on your website include:

From the brochure located on your webpage entitled "Why"

- "Raw nuts and cold pressed coconut oil [ingredients in many of your products such as Merry's Miracle Tart Chocolate, Almonds Vanilla Maple, and Grawnola Orange Cranberry] ... improve our cholesterol profile . . . [and] reduce inflammation . . . . "
- "Coconut oil [an ingredient in many of your products such as Merry's Miracle Tart Chocolate] helps to reduce bad cholesterol!"
- "Coconut oil contains large amounts of Lauric Acid which is anti-viral . ... "

From the webpage entitled "Category Archives: Diabetes" which can be accessed from your website by clicking on the link "Biog" and then clicking on the link "Diabetes"

- "Coconut Oil Can Reduce the Symptoms of Type 2 Diabetes"
- "Diabetics can use coconut oil to help regulate blood glucose levels . ... Luckily, Hail Merry offers a variety of raw, vegan and gluten-free snacks that contain coconut oil."

From the webpage entitled "Category Archives: Celiac Disease" which can be accessed from your website by clicking on the link "Slog" and then clicking on the link "Celiac Disease"

- "[W]hile going gluten-free [all of your products are labeled as gluten-free] is costly ... the benefits are enormous including finding relief from the symptoms of multiple sclerosis, rheumatoid arthritis, chronic fatigue, migraines, irritable bowel syndrome and even infertility ... . "
- "Jenny McCarthy went gluten-free along with her son Evan and even says that the diet has played an essential part in Evan's recovery from autism . . .
 . . Join the movement and check out Hail Merry gluten-free snacks."

Further, your Almonds Vanilla Maple product label also contains the following claim:

"Research suggests that eating about a handful of almonds each day can help lower cholesterol levels"

Your products are not generally recognized as safe and effective for the above referenced uses and therefore, the products are "new drugs" under section 201(p) of the Act [21 U.S.C. § 321 (p)]. New drugs may not be legally marketed in the U.S. without prior approval from FDA as described in section 505(a) of the Act [21 U.S.C. § 355(a)]. FDA approves a new drug on the basis of scientific data submitted by a drug sponsor to demonstrate that the drug is safe and effective.

Furthermore, because your products are offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners, adequate directions for use cannot be written so that a layperson can use the drug safely for its intended uses. Thus, the labeling fails to bear adequate directions for use, causing the products to be misbranded under section 502(f)(1) of the Act [21 U.S.C. § 352(f)(1)]. The introduction of misbranded drugs into interstate commerce is a violation of § 301 (a) of the Act [21 U.S.C. § 331 (a)].

**Misbranding Violations**

Even if your Grawnola Orange Cranberry, Merry's Miracle Tart Chocolate, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper products did not contain claims on your labeling that cause them to be unapproved new and misbranded drugs, they would still be misbranded foods under section 403 of the Act (21 U.S.C. § 343) in that the labels for these products do not comply with the food label requirements in 21 CFR Part 101 as follows:

1. Your Merry's Miracle Tart Chocolate product is misbranded within the meaning of section 403(a)(1) of the Act [21 U.S.C. § 343(a)(1)] in that the label bears a false and misleading claim "good fats." This claim is false and misleading because of the high levels of saturated fat in the products. As discussed below, the correct serving size for your product should be one tart. One tart is 85g, and contains approximately 12g of saturated fat, which is 60% of the DV for saturated fat.

The relationship between saturated fat intake and risk of coronary heart disease is well established (DHHS and USDA, Dietary Guidelines for Americans, 2005, 6th Edition, Washington, D.C., U.S. Government Printing Office, January 2005). Because of the high level of saturated fat in your

Merry's Miracle Tart Chocolate product, the claim "good fats" is false and misleading.

2. Your Grawnola Orange Cranberry, Merry's Miracle Tart Chocolate, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper products are misbranded within the meaning of section 403(r)(1)(A) of the Act, 21 U.S.C. §343(r)(1)(A), because the labels bear nutrient content claims, but the products do not meet the requirements to bear the claims. Under section 403(r)(1)(A) of the Act, a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation authorizing the use of such a claim. Characterizing the level of a nutrient in food labeling without complying with the specific requirements pertaining to nutrient content claims for that nutrient misbrands the product under section 403(r)(1)(A) of the Act. For example:

- Your Grawnola Orange Cranberry, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper product labels contain the nutrient content claim, "RICH IN OMEGAS". Although various nutrient content claims for ALA, DHA, and EPA omega-3 fatty acids have been statutorily authorized through the notification procedure in section 403(r)(3)(C) of the Act [21 U.S.C. § 343(r)(3)(C)], the claims for Omegas on your labels do not meet the requirements for any of these claims. Specifically, among other requirements, the claims authorized under the notification procedure must specify whether the claim is referring to ALA, DHA, or EPA omega-3 fatty acids.[1]

- Your Merry's Miracle Tart Chocolate product label bears the nutrient content claim "Coconut oil is cholesterol free." However, your product does not meet the requirements in 21 CFR 101.62(d)(1) to bear this claim because your products do not contain 2 g or less of saturated fatty acids per reference amount customarily consumed (RACC) and per labeled serving. According to your nutrition information, a 28 g serving of Merry's Miracle Tart Chocolate contains 4 g of saturated fat.

- Your Grawnola Orange Cranberry product label bears the nutrient content claim "Cranberries are loaded with antioxidants." Nutrient content claims using the term "antioxidant" must comply with, among other requirements, the requirements listed in 21 CFR 101.54(g). These requirements state, in part, that for a product to bear such a claim, a reference daily intake (RDI) must have been established for each of the nutrients that are the subject of the claim [21 CFR 101.54(g)(1)], and these nutrients must have recognized antioxidant activity [21 CFR 101.54(g)(2)]. The level of each nutrient that is the subject of the claim must also be sufficient to qualify for the claim under 21 CFR 101.54(b), (c), or (e) [21 CFR 101.54(g)(3)]. For example, to bear the claim "high in antioxidant vitamin C," the product must contain 20 percent or more of the RDI for vitamin C under 21 CFR 101.54(b). Such a claim must also include the names of the nutrients that are the subject of the claim as part of the claim or, alternatively, the term "antioxidant" or "antioxidants" may be linked by a symbol (e.g., an asterisk) that refers to the same symbol that appears elsewhere on the same panel of the product label, followed by the name or names of the nutrients with recognized antioxidant activity [21 CFR 101.54(g)(4)]. The antioxidant claim found on your product labels is a nutrient content claim because it characterizes the level of antioxidants in your products, but it does not comply with 21 CFR 101.54(g)(4) because the claim does not include the names of the nutrients that are the subject of the claim or link the nutrients with the claim by use of a symbol.

- Your Sunflower Seeds Salt n Black pepper product label contains the nutrient content claim "[R]ich source [of] … iron ." A product that claims to be "rich" in a nutrient must contain at least 20 percent of the RDI per RACC for the nutrient as required by 21 CFR 101 .54(b). Based upon your nutrition information, a 28 g serving contains 10 percent of the RDI for iron. This equates to approximately 11% of RDI per RACC. Therefore, your product does not meet the requirements to bear a "rich" claim for iron. In addition, your Sunflower Seeds Salt n Black pepper product label contains the nutrient content claim "[R]ich source [of] . . . B vitamins, vitamin E as well as minerals copper, manganese, potassium, and magnesium, however the nutrient levels are not declared for these vitamins and minerals as required under 21 CFR 101.9(c)(8)(ii) and 101.13(n). Therefore the product is misbranded under section 403(q) and 403(r)(1)(A) of the Act. Further, because these nutrient levels are not declared, it is not clear whether the product has the required minimum 20 percent of the RDI per RACC of these nutrients as required under 21 CFR 101.54(b).

- Your website also bears the implied nutrient content claim, "healthy" for your Grawnola Orange Cranberry, Merry's Miracle Tart Chocolate, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper products. Examples of these claims include:

From the webpage entitled "Category Archives: Diabetes" which can be accessed from your website by clicking on the link "Biog" and then clicking on the link "Diabetes"

> "Hail Merry Snacks are perfect healthy snacks for diabetics …. "

From the webpage entitled "Rawk the Party 20 pack-Chocolate Miracles Tarts in reference to the Merry's Miracle Tart Chocolate product

> "The perfect indulgence (but one that's healthy!) … . "

From the webpage entitled "Break Room Snacks Assortment" which includes the Grawnola Orange Cranberry, Almonds Vanilla Maple and Sunflower Seeds Salt n Black Pepper products

> "There's no reason your office breakroom or pantry shouldn't have … . healthy snacks on hand . … "

However, these products do not meet the requirements for use of the term "healthy" as set forth in 21 CFR 101.65(d)(2). To bear an implied nutrient content claim using the term "healthy," foods must meet the following requirements:

(1) Must be "low fat" as defined in 21 CFR 101.62(b)(2) (total fat content of 3 g or less per RACC);
(2) Must be "low saturated fat" as defined in 21 CFR 101.62(c)(2) (saturated fat content of 1 g or less per RACC and no more than 15 percent of calories from saturated fat);
(3) Must not exceed the disclosure level for cholesterol set forth in 21 CFR 101.13(h) (60 mg cholesterol per RACC);
(4) Must contain at least 10% of the Daily Value per RACC of one or more of the following nutrients: vitamin A, vitamin C, calcium, iron, protein, or fiber; and
(5) Must contain no more than 480 mg sodium per RACC and per labeled serving.

Your products Grawnola Orange Cranberry, Merry's Miracle Tart Chocolate, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper do not meet the definition of low fat. In addition, your Merry's Miracle Tart Chocolate does not meet the definition of low in saturated fat.

- Your Sunflower Seeds Salt n Black Pepper product label bears the claim "rich source [of] linoleic acid" and your brochure on your webpage entitled "Enlighten" under the heading "Hail Merry is a Certified Gluten-free Kitchen" bears the claim "Buckwheat groats [ingredient in Grawnola Orange Cranberry] are . . . loaded with amino acids." These claims characterize the levels of nutrients of the type required to be in nutrition labeling in your products by use of the terms "rich source" and "loaded with ." Even if we determined that the term "loaded with" could be considered synonymous with a term defined by regulation (e.g., "good source" or "high"), these claims do not comply with the requirements in 21 CFR 101.54(b) because there is no established RDI or DRV for linoleic acid or amino acids.

3. Your Grawnola Orange Cranberry, Merry's Miracle Tart Chocolate, Almonds Vanilla Maple and Sunflower Seeds Salt n Black Pepper products are misbranded within the meaning of section 403(q) of the Act [21 U.S.C. § 343(q)] in that the nutrition information is not declared in accordance with 21 CFR 101.9. Specifically,

- Your Sunflower Seeds Salt n Black pepper product label contains the nutrient content claim "[R]ich source [of] … B vitamins, vitamin E as well as minerals copper, manganese, potassium, magnesium, and iron ." As required by 21 CFR 101.9(c)(8)(ii), the declaration of vitamins and minerals as a percent of the RDI shall include vitamins A, vitamin C, calcium, and iron, in that order, and shall include any of the other vitamins and minerals listed in paragraph (c)(8)(iv) when they are added as a nutrient supplement, or when a claim is made about them. Also, as required by 21 CFR 101.9(c)(5), the declaration of the amount of potassium is required when a claim is made about potassium content. Your label fails to declare the percentage of B vitamins, vitamin E, copper, manganese, and magnesium and the amount of potassium.

- The serving size declared on your Merry's Miracle Tart Chocolate does not meet the requirements in 21 CFR 101.9(b)(2)(i). The serving size for products in discrete units shall be one unit if a unit weighs 67 percent or more, but less than 200 percent, of the reference amount. The RACC for Bakery Products, Pies, cobblers, fruit crisps, turnovers, other pastries is 125g (21 CFR 101.12(b), Table 2). Your label incorrectly declares the serving size as "(1/3 tart) (28g)." One tart weighs 85g which is 80% of the RACC; therefore your serving size should

be one tart. The nutrition values and servings per container information provided on the label of your product must be based on the correct serving size.

- Your Grawnola Orange Cranberry, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper products fail to list the serving size in common household measure in accordance with 21 CFR 101.9(b)(5), such as in cups, tablespoons, teaspoons, or, if appropriate, the number of pieces.

4. Your Grawnola Orange Cranberry product is misbranded within the meaning of Section 403(i)(2) of the Act [21 U.S.C. § 343(i)(2)], because it is fabricated from two or more ingredients, but the label fails to declare the common or usual name of each ingredient in the product in accordance with 21 CFR 101.4. Specifically, your product lists, "Evaporated Cane Juice" in the ingredient statement; however, evaporated cane juice is not the common or usual name of any type of sweetener. The proper way to declare this ingredient can be found on the FDA website at:

http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.htm[2].

The above list is not intended to be an all-inclusive list of violations in your products, labels, and labeling. It is your responsibility to assure that the products you market are in compliance with all requirements of the Act and federal regulations. You should take prompt measures to correct all violations described in this letter and prevent their recurrence. Failure to take appropriate corrective action may subject your firm and products to further actions, such as injunction or seizure.

We also note that your webpage entitled "Category Archives: Diabetes" which can be accessed from your website by clicking on the link "Slog" and then clicking on the link "Diabetes" bears the statement "Hail Merry Snacks are perfect healthy snacks for diabetics .. . . ". Prior to June 1996, there was a special dietary regulation (21 CFR 105.67) that provided for the special dietary claim "may be useful in the diet of diabetics" on food product labels. In the Federal Register (FR) of June 3, 1996 (61 FR 27771), FDA revoked 21 CFR 105.67. FDA concluded, consistent with current dietary advice, that the provisions for diabetic labeling in 21 CFR 105.67 were outdated and misleading. The agency also stated in that Federal Register notice that the nutrient content and health claim provisions of the Act and section 403(a) would prevent any use of the term "diabetic" that is not scientifically valid or that is misleading. Therefore, we recommend you remove the language from the labeling of your snack products.

We also note that your Grawnola Orange Cranberry, Almonds Vanilla Maple, and Sunflower Seeds Salt n Black Pepper products bear the claim "NO REFINED SUGAR." However, the intent of your claim may not be clear to consumers and may mislead those who are seeking products that are sugar-free or contain no added sugar. We recommend that you clarify the meaning of your claim.

You should notify this office in writing within fifteen (15) working days from your receipt of this letter, of the specific steps you have taken to correct the noted violations, including an explanation of each step taken to prevent their recurrence. In your response, include documentation of your corrective actions. If you cannot complete all corrective actions before you respond, you should explain the reason for your delay and state when you will correct the remaining violations.

Your written response should be sent to Seri L. Essary, Compliance Officer, U.S. Food and Drug Administration, 4040 North Central Expressway, Dallas, TX, 75204. If you have questions regarding any issues in this letter, please contact Ms. Essary at (214)253-5335.

Sincerely,

/s/

Reynaldo R. Rodriguez, Jr.
Dallas District Director

[1] FDA issued a proposed rule (72 FR 66103, November 27, 2007) to prohibit some of these nutrient content claims for omega-3 fatty acids.

Page Last Updated: 11/02/2012
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

Accessibility Contact FDA Careers FDA Basics FOIA No Fear Act Site Map Transparency Website Policies

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Email FDA

     

For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals

 U.S. Department of Health & Human Services

**Links on this page:**

1. http://www.fda.gov

2. http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.htm