UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHYLLIS GUSTAVSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WRIGLEY SALES COMPANY, and WM. WRIGLEY JR. COMPANY,<br><br>Defendants. | Case No.: 12-CV-01861-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

Before the Court is Wrigley Sales Company and Wm. Wrigley Jr. Company's (collectively, "Defendants" or "Wrigley") Motion to Dismiss the Second Amended Complaint. ECF No. 84. Plaintiff Phyllis Gustavson ("Gustavson") opposes the Motion, ECF No. 86, and Defendants replied, ECF No. 88. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the Hearing and Case Management Conference scheduled for January 9, 2014. ECF Nos. 80, 84. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss the Second Amended Complaint with prejudice.

## I. BACKGROUND

### A. Factual Allegations

1

Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants are among the leading producers of gum, mints, and hard candies. Second Am. Compl. ("SAC") ECF No. 71 ¶ 26. Defendants sell their products through grocery and other retail stores throughout California and promote their products throughout California through their websites. *Id.*

Gustavson is a California consumer who "cares about the nutritional content of food and seeks to maintain a healthy diet." *Id.* ¶¶ 23, 128. Since 2008, Gustavson purchased more than $25.00 worth of Defendants' food products, which she contends are "misbranded" in violation of federal and California law. *Id.* ¶¶ 7, 23. Specifically, Gustavson alleges that she purchased: "(1) Eclipse sugar free gum, Winterfrost, 18pcs; (2) Eclipse sugar free gum, Polar Ice, 12 pcs; (3) Orbit sugar free gum, Peppermint, 14 pcs; (4) Orbit sugar free gum, Spearmint, 14 pcs; and (5) Lifesavers sugar free hard candy, 5 flavors, 2.75 oz." *Id.* ¶ 2. Gustavson refers to these as the "Purchased Products." *Id.*

Gustavson alleges that the Purchased Products are misbranded because the products' labels unlawfully and misleadingly state that the products are "sugar free." *Id.* ¶¶ 7-8, 17.[1] Federal regulations promulgated by the Food and Drug Administration ("FDA"), which have been expressly incorporated into California law, *see* Cal. Health & Safety Code § 110100, enumerate specific requirements that must be met in order to label a food "sugar free." SAC ¶ 59. Specifically, a food may not be labeled "sugar free" unless: (a) "[t]he food contains less than 0.5 g of sugars . . . per reference amount customarily consumed and per labeled serving"; (b) it "contains no ingredient that is a sugar or that is generally understood by consumers to contain sugars unless" certain disclosures are made adjacent to the label's ingredient statement; *and* (c) one of the following is provided: (1) the food is labeled "low calorie" or "reduced calorie" in compliance with federal regulations; (2) the food "bears a relative claim of special dietary usefulness" in compliance with federal regulations; or (3) the "sugar free" claim "is immediately accompanied, each time it is used,

---

[1] Gustavson further alleges that the labels of numerous other Wrigley products that Gustavson did not purchase, but which she contends are "substantially similar" to the Purchased Products, also unlawfully and misleadingly declare that the products are "sugar free." SAC ¶¶ 3-4. Gustavson asserts claims based on Defendants' alleged misbranding of these "Substantially Similar Products" as well. *Id.* ¶¶ 3-6.

2
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

by either the statement 'not a reduced calorie food,' 'not a low calorie food,' or 'not for weight control.'" 21 C.F.R. § 101.60(c)(1).

The Purchased Product labels all make the following statements, which Gustavson alleges are unlawful and misleading. First, the Purchased Product labels state on the front of the package, or the "principal display panel," 21 C.F.R. § 101.1, that the products are "sugar free." *See* SAC Exs. 2-6. Second, the Purchased Product labels state on the back of the package, or the "information panel," 21 C.F.R. § 101.2(a), that the products contain "fewer calories" than sugared gum or candy. *See* SAC Exs. 2-6. These latter statements on the back of the Purchased Product packages also identify the percentage difference between the calories in the Purchased Products and their sugar-containing equivalents and state the numerical difference between the calories-per-serving contained in the Purchased Products and their sugar-containing equivalents. *See, e.g.*, *id.* at Ex. 2 (Eclipse sugar free gum, Winterfrost states: "35% fewer calories than sugared gum. Calorie content has been reduced from 8 to 5 calories per two piece serving").

Gustavson claims that these statements on the Purchased Products do not meet federal requirements for foods labeled as "sugar free," because: (1) the Purchased Products contain too many calories to state that they are "low calorie" or "reduced calorie," *id.* ¶ 62; (2) the Purchased Products do not "bear an express warning" adjacent to any "sugar free" claim stating that the product is "not a reduced calorie food," "not a low calorie food," or "not for weight control," *id.* ¶ 69; and (3) any "claim of dietary usefulness" that is provided on the labels is insufficiently "conspicuous," *id.* ¶¶ 62-63 (internal quotation marks omitted). Gustavson additionally asserts that Defendants fail to meet federal labeling requirements because Defendants do not disclose on the Purchased Product labels that the products "are sweetened with nutritive and non-nutritive sweeteners," and Defendants' website identifies "artificial sweeteners" such as maltitol, sorbitol, and xylitol as "noncaloric," when all three are actually "nutritive, caloric sweeteners." *Id.* ¶¶ 63, 65 (internal quotation marks omitted).

Gustavson alleges that she "read the 'sugar free' nutrient content claims on the labels of the Purchased products . . . before purchasing them," and that she "based and justified the decision to purchase Defendants' Purchased Products, in substantial part, on Defendants' package labeling."

3

Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

*Id.* ¶¶ 131-132. Gustavson further alleges that she "would have foregone purchasing Defendants' products and bought other products readily available at a lower price" had it not been for Defendants' allegedly unlawful and misleading labeling statements. *Id.* ¶ 132.

Gustavson contends that by manufacturing, advertising, distributing, and selling misbranded food products, Defendants have violated California Health & Safety Code Sections 109885, 110390, 110395, 110398, 110660, 110665, 110670, 110705, 110760, 110765, and 110770. *Id.* ¶¶ 109-119. In addition, Gustavson asserts that Defendants have violated the standards set by 21 C.F.R. §§ 101.2, 101.3, 101.4, 101.9, 101.13, and 101.60, which have been adopted by reference into the Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code §§ 109875 *et seq.* SAC ¶¶ 120-122. Consequently, the SAC alleges the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, for unlawful, unfair, and fraudulent business acts and practices (claims 1, 2, and 3), SAC ¶¶ 149-172; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, for misleading, deceptive, and untrue advertising (claims 4 and 5), SAC ¶¶ 173-188; and (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.* (claim 6), SAC ¶¶ 189-204.

### B. Procedural History

Gustavson filed an Original Complaint against Wrigley on April 13, 2012. ECF No. 1. Wrigley filed a Motion to Dismiss on July 2, 2012. ECF No. 18. Rather than responding to Wrigley's Motion to Dismiss, Gustavson filed a First Amended Complaint on July 23, 2012. ("FAC") ECF No. 21. The FAC added claims against Mars Chocolate North America, LLC and Mars, Inc. *Id.*

Wrigley and Mars moved to dismiss the FAC. ECF Nos. 27 (Wrigley's motion); 29 (Mars's motion). On September 16, 2013, this Court granted in part and denied in part the motions to dismiss. ("MTD Order") ECF No. 68. In the MTD Order, the Court directed Gustavson to file her claims against Mars as a separate case. *Id.* at 38. Accordingly, the SAC, which Gustavson filed on October 1, 2013, ECF No. 71, asserts claims against Wrigley only.

4

Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants filed the instant Motion to Dismiss on November 15, 2013. ("Mot.") ECF No. 84. Gustavson filed her Opposition on December 5, 2013, ("Opp'n") ECF No. 86, and Defendants filed a Reply on December 13, 2013, ("Reply") ECF No. 88. Both Defendants' Motion and Gustavson's Opposition were accompanied by Requests for Judicial Notice. ECF Nos. 85, 87.[2]

## II. LEGAL STANDARDS

### A. Rule 8(a)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[2] Defendants request that the Court take judicial notice of images of the packaging for the Purchased Products, *see* ("Def. RJN") ECF No. 85 at 2-3; ECF No. 85-3 Exs. A-E, as well as an FDA guidance document entitled *Guidance for Industry: A Food Labeling Guide*, Def. RJN at 4; ECF No. 85-3 Ex. F. The Court GRANTS Defendants' Request for Judicial Notice as it relates to the images of the Purchased Products' packaging, both because the packaging is incorporated into the SAC by reference, *see, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court may take judicial notice of documents referenced in a complaint), and because the package images Gustavson provided are not fully legible. *Accord* MTD Order at 9 n.1 (taking judicial notice of product packaging images). The Court also GRANTS Defendants' Request for Judicial Notice as it relates to the FDA guidance document because the document is available on a government agency website. *See, e.g.*, *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) (courts may take judicial notice of documents available through government agency websites); *accord* MTD Order at 9 n.1 (taking judicial notice of this same FDA guidance document).

Gustavson requests that the Court take judicial notice of five images that purportedly show previous versions of the Purchased Products' packaging and which contain different label statements than do the Purchased Products' current labels. *See* ("Pl. RJN") ECF No. 87 at 1; ("Coleman Decl.") ECF No. 87-2 ¶ 2. Gustavson states that these images were "found on the Internet," Coleman Decl. ¶ 2, but offers nothing else to indicate that these images came from reliable sources or are authentic. Federal Rule of Evidence 201(b) provides for judicial notice only when the subject of the request is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As the Court is not convinced that Gustavson's Request for Judicial Notice satisfies either of these criteria, Gustavson's Request for Judicial Notice is DENIED. The Court notes that considering the documents for which Gustavson requests judicial notice would not have affected the outcome of the Court's ruling on Defendants' Motion to Dismiss.

5
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is a court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

**B.  Rule 9(b)**

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy Rule's 9(b)'s heightened standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific

6

content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted). The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

C. **Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

III. **DISCUSSION**

A. **Express Preemption**

Defendants contend that Gustavson's "sugar free claims" must be dismissed because the claims are expressly preempted by federal law. Mot. at 4. As discussed in the Court's previous MTD Order, the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, as amended by the Nutrition Labeling and Education Act of 1990 ("NLEA"), Pub. L. No. 101-535, 104 Stat. 2353, contains an express preemption provision, which provides that "no State . . . may directly or indirectly establish . . . any requirement . . . made in the . . . labeling of food that is not identical to" certain FDA requirements, including 21 U.S.C. § 343(r), which applies to "Nutrition levels and health-related claims." 21 U.S.C. § 343-1(a)(5); *see* MTD Order at 19. Per FDA regulations, "'[n]ot identical to' . . . means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food, or concerning a

7
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

food container, that: (i) Are not imposed by or contained in the applicable provision . . . or (ii) Differ from those specifically imposed by or contained in the applicable provision." 21 C.F.R. § 100.1(c)(4).

Defendants argue that Gustavson's sugar free claims attempt to impose labeling standards that differ from the federal requirements and thus are subject to express preemption. Mot. at 5. Gustavson, unsurprisingly, disagrees and asserts that she seeks only to enforce labeling requirements identical to those imposed by the FDA. Opp'n at 7. The focal point of the parties' dispute is over whether Defendants' "sugar free" label statements do or do not comply with the applicable federal regulations. Accordingly, the Court turns to the federal regulations governing "sugar free" statements to see what they require.

The parties agree that 21 C.F.R. § 101.60(c)(1) requires foods labeled "sugar free" to display one of the following on their labels: (1) a statement that the food is "low calorie" or "reduced calorie," provided the food qualifies as a low- or reduced-calorie food and the statement is made in accordance with additional federal regulations; (2) "a relative claim of special dietary usefulness" made in compliance with federal regulations; or (3) a disclaimer that the food is "not a reduced calorie food," "not a low calorie food," or "not for weight control." 21 C.F.R. § 101.60(c)(1); *see* Mot. at 6; Opp'n at 8. Defendants contend that their product labels comply with the second of these requirements and thus that the "sugar free" statements are lawful. Mot. at 6-8.

A "relative claim of special dietary usefulness" made in connection with a "sugar free" statement may include, among other possibilities, *see* 21 C.F.R. § 101.60(b)(2)-(5), (c)(iii)(A), a claim that the food is "reduced calorie," "reduced in calories," "calorie reduced," "fewer calories," "lower calorie," or "lower in calories." 21 C.F.R. § 101.60(b)(4). In order to make such a "reduced calorie claim,"[3] the food must "contain[] at least 25 percent fewer calories per reference amount customarily consumed than an appropriate reference food." 21 C.F.R. § 101.60(b)(4)(i). In addition, the label bearing the reduced calorie claim must contain:

---

[3] The Court uses the term "reduced calorie claim" as shorthand, recognizing, as it did in its previous MTD order, that the federal regulations also permit the use of synonymous terms, such as "calorie reduced" or "fewer calories."

8
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

>    (A) The identity of the reference food and the percent (or fraction) that the calories differ between the two foods are declared in immediate proximity to the most prominent such claim (e.g., reduced calorie cupcakes "$33\frac{1}{3}$ percent fewer calories than regular cupcakes"); and
>
>    (B) Quantitative information comparing the level of the nutrient per labeled serving size with that of the reference food that it replaces (e.g., "Calorie content has been reduced from 150 to 100 calories per serving.")

21 C.F.R. § 101.60(b)(4)(ii). The regulations further require that this information be "declared adjacent to the most prominent claim or to the nutrition label, except that if the nutrition label is on the information panel, the quantitative information may be located elsewhere on the information panel." 21 C.F.R. § 101.60(b)(4)(ii)(B).

Defendants argue that the relative claims of special dietary usefulness on its labels comply with these requirements. The claims appearing on the Purchased Products all follow the same format. *See* ECF No. 85-3 Exs. A-E. Eclipse sugar free gum, Winterfrost, for instance, states on the back of the package, immediately below the "Nutrition Facts" box, that the product contains "35% fewer calories than sugared gum. Calorie content has been reduced from 8 to 5 calories per two piece serving." *Id.* Ex. A. Defendants contend that these two sentences amount to a "fewer calorie[]" claim that adequately identifies: (a) the reference food ("sugared gum"), (b) the percent that the calories differ between the product bearing the claim and the reference food ("35% fewer calories than . . ."), and (c) a per-serving quantitative comparison of the number of calories in the product bearing the claim and the reference food ("reduced from 8 to 5 calories per two piece serving."). Mot. at 7-9.

In its previous MTD Order,[4] the Court rejected Defendants' argument that the Purchased Product labels met all the requirements for a relative claim of special dietary usefulness. MTD

---

[4] Gustavson contends that Defendants' Motion to Dismiss the SAC on a ground already considered, and rejected, in the Court's previous MTD Order amounts to an improper motion to reconsider this Court's prior ruling. *See* Opp'n at 4-5. The Court disagrees. Defendants are not seeking reconsideration of the Court's prior Order, but are rather responding to Gustavson's new complaint. The Ninth Circuit has long held that "an amended complaint supercedes the original complaint and renders it without legal effect," *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc), and that a defendant is entitled to challenge an amended complaint in its entirety, *see Sidebotham v. Robison*, 216 F.2d 816, 823 (9th Cir. 1954) ("[O]n filing a third amended complaint which carried over the causes of action of the second amended complaint, the appellees were free to challenge the entire new complaint."); *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D.

Order at 27-28. On its face, the regulations governing such claims would appear to require four things: (1) a reduced calorie claim (such as "reduced calorie" or "fewer calories"); (2) a statement identifying the reference food; (3) a percentage comparison between the calories in the product bearing the claim and the reference food; and (4) a per-serving quantitative comparison between the calories in the product bearing the claim and the reference food. While Defendants' labels clearly meet the latter three "comparative" requirements, the labels do not clearly meet the first requirement because there is no *distinct* reduced calorie claim. Absent any indication in the text of the regulation that the reduced calorie claim may be incorporated into the comparative statements required by 21 C.F.R. § 101.60(b)(4)(ii), and lacking any other interpretive authority that would support Defendants' interpretation of the regulation, the Court had no basis to conclude that Defendants' label statements were in compliance with federal law and thus no basis to find express preemption.

In the briefing on the instant Motion, however, Defendants point to FDA interpretive authority that supports Defendants' position that a reduced calorie claim need not be stated separately from the comparative information required by 21 C.F.R. § 101.60(b)(4)(ii). *See* Reply at 3. In commentary on a final rule entitled "Food Labeling: Nutrient Content Claims, General Principles, Petitions, Definition of Terms; Definitions of Nutrient Content Claims for the Fat, Fatty Acid, and Cholesterol Content of Foods; Food Standards: Requirements for Foods Named by Use of a Nutrient Content Claim and a Standardized Term; Technical Amendment," 58 Fed. Reg. 44,020 (Aug. 18, 1993), the FDA stated, in response to concerns that the labeling requirements for relative claims of special dietary usefulness would prove too lengthy for products with small packages, that:

> The agency determined in the nutrient content claims final rule that the percentage that the nutrient has been reduced and the identity of the reference food (e.g., 25 percent fewer calories than regular cheesecake) are essential to consumer understanding of the claim. *This information can often be structured in such a way that it is part of the claim* or takes up little more space than the claim itself.

---

Cal. 2010) (holding that defendant was free to move for dismissal of entire amended complaint, including claim that had already withstood a previous motion to dismiss).

Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

*Id.* at 44,022 (emphasis added). Defendants contend, and the Court agrees, that this statement indicates that the FDA does not require a relative claim of special dietary usefulness to appear separately from the comparative information that must accompany such a claim. In light of this authority, the Court concludes that Defendants' labels do not violate federal regulations for this reason.

Gustavson opposes an express preemption finding by arguing that Defendants fail to comply with the federal requirements for a relative claim of special dietary usefulness in other ways. *See* Opp'n at 11-14. First, Gustavson asserts that Defendants' "fewer calorie" claims violate federal law, because the claims do not appear on either the "principal display panel" or the "information panel." Opp'n at 11 (citing 21 C.F.R. § 101.2(b) ("All information required to appear on the label of any package of food under [various provisions of the regulations, including Section 101.60] shall appear either on the principal display panel or on the information panel, unless otherwise specified by regulations in this chapter.")). Second, Gustavson asserts that the fewer calorie claims do not meet the "conspicuousness" requirements of 21 C.F.R. §§ 101.2(c) and 101.15(a). *Id.* at 12. Third, Gustavson contends that Defendants' failure to place the fewer calorie claims on the same panel as the sugar free claims violates 21 C.F.R. § 101.2(d)(1). *Id.* at 12-13; *see also* 21 C.F.R. § 101.2(d)(1) ("Except as provided by §§101.9(j)(13) and (j)(17) and 101.36(i)(2) and (i)(5), all information required to appear on the principal display panel or on the information panel under this section shall appear on the same panel unless there is insufficient space."). Finally, Gustavson contends that Defendants omit material information from their product labels in violation of 21 C.F.R. § 1.21. Opp'n at 13.

Initially, the Court notes that none of the above-described regulatory violations is adequately pleaded in the SAC. Under Federal Rule of Civil Procedure 9(b)—which applies to the SAC because Gustavson's claims sound in fraud, *see* MTD Order at 35 n.7—the SAC must "set forth what is false or misleading about a statement, and why it is false." *In re Glenfed*, 42 F.3d at 1548. Indeed, even under the more liberal pleading standards of Rule 8(a), the SAC must provide sufficient detail to "show[] that [Gustavson] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The SAC fails to meet either standard with regard to alleged violations of 21 C.F.R. §§ 101.2, 101.15, and

11

Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1.21. Although the SAC alleges in passing that Defendants violate 21 C.F.R. § 101.2, SAC ¶ 120, the SAC nowhere explains what this provision says, how it was allegedly violated, or how it relates to the SAC's factual allegations. Meanwhile, Sections 101.15 and 1.21 do not appear in the SAC at all. This failure of pleading is reason enough to reject Gustavson's additional contentions, particularly given that the SAC is Gustavson's third complaint in this case. *See* ECF Nos. 1, 21, 71. Nevertheless, the Court will address each of Gustavson's contentions on the merits. The Court will discuss leave to amend at the conclusion of this section.

Regarding Gustavson's argument that Defendants' fewer calorie claims violate 21 C.F.R. § 101.2(b) because the claims do not appear on either the principal display panel or the information panel, FDA regulations indicate that the information panel in this case is the back of the Purchased Products' packages, which is where the fewer calorie claims appear. 21 C.F.R. § 101.1 defines a product's "principal display panel" as "the part of a label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale." For the Purchased Products, this is the front of the package. 21 C.F.R. § 101.2(a)(1) then defines the "information panel" as the "part of the label immediately contiguous and to the right of the principal display panel." If this part of the label "is too small to accommodate the necessary information or is otherwise unusable label space," then the next usable panel to the right is the information panel. *Id.* For the Purchased Products' packages—which are either bags or nearly flat rectangular boxes, ECF No. 85-3 Exs. A-E—the information panel therefore *is* the back of the package. Indeed, FDA authority cited in the SAC itself supports the conclusion that the information panel is generally the back of a product's package. *See* SAC ¶ 37 ("'[P]eople are less likely to check the Nutrition Facts label on the information panel of foods (*usually, the back or side of the package*).'" (emphasis added) (quoting 2009 document entitled *Guidance for Industry: Letter Regarding Point of Purchase Food Labeling*)). The Court concludes that Gustavson fails to plausibly allege that the fewer calorie claims violate 21 C.F.R. § 101.2(b) due to those claims'

failure to appear on the information panel because the fewer calorie claims *do* appear on the information panel.[5]

Next, the Court rejects Gustavson's claim that Defendants' fewer calorie claims are insufficiently conspicuous under 21 C.F.R. §§ 101.2(c) and 101.15(a)(1) because the claims do not appear on the principal display panel. *See* Opp'n at 12. Section 101.2(c) requires that information on the principal display panel or information panel must "appear prominently and conspicuously," while Section 101.15 lays out general factors that the FDA will consider in determining whether a given statement is sufficiently prominent and conspicuous. *See* 21 C.F.R. §§ 101.2(c), 101.15. Section 101.15(a) provides that a label statement "*may* lack [] prominence and conspicuousness" if the statement does not "appear on the part or panel of the label which is presented or displayed under customary conditions of purchase [*i.e.*, the principal display panel]." 21 C.F.R. § 101.15(a)(1) (emphasis added). The Court finds Gustavson's citation to this regulatory provision unavailing for two reasons. First, Section 101.15(a)(1) is not worded in mandatory terms, but rather states one consideration that "may" lead the FDA to conclude that a label statement is insufficiently conspicuous. Second, and more importantly, the specific provisions governing relative claims of special dietary usefulness expressly allow such claims to appear on a package's information panel. *See* 21 C.F.R. §§ 101.13(j)(2)(iii)(C), (iv)(B); 101.60(b)(4)(ii)(B). Gustavson neither cites any FDA interpretive authority nor otherwise explains why Section 101.15's general guidelines for when a label statement *may* lack "prominence and conspicuousness" should trump Sections 101.13 and 101.60's specific provisions that expressly allow Defendants to make their fewer calorie claims on the information panel. The Court accordingly concludes that Gustavson has failed to plausibly allege that the fewer calorie claims violate federal law due to their failure to appear on the principal display panels of the Purchased Products.

The Court further concludes that Gustavson's argument that Defendants violate 21 C.F.R. § 101.2(d)(1) by failing to place the fewer calorie claim on the same panel as the sugar free claim

---

[5] Notably, Gustavson fails to explain where she believes the information panel on the Purchased Products is located if not on the back of the packages. The front of the packages is the principal display panel, and the only other part of the packages capable of accommodating any text is the back of the packages. *See* SAC Exs. 2-6.

13
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

rests on a misreading on Section 101.2(d)(1). Section 101.2(d)(1) provides that "all information required to appear on the principal display panel or on the information panel under this section shall appear on the same panel unless there is insufficient space." As Defendants point out, however, FDA regulations do not require Defendants to include a sugar free claim on their labels in the first place, and thus Defendants' sugar free claims are not "information required to appear on the principal display panel or on the information panel" for purposes of Section 101.2(d)(1). Reply at 5-6.[6] Because Section 101.2(d)(1) does not appear to apply to Defendants' sugar free claims, the Court concludes that Gustavson has failed to adequately allege that Defendants' product labels violate this regulatory provision.

Finally, the Court rejects Gustavson's argument that Defendants' failure to include the statement "not a low calorie food" on their product labels is a material omission that violates 21 C.F.R. § 1.21. Opp'n at 13. The FDA regulations governing sugar free claims explicitly provide that product labels bearing sugar free claims may include relative claims of special dietary usefulness in lieu of statements that the products are not "low calorie." 21 C.F.R. § 101.60(c)(iii)(A). Given that FDA regulations expressly allow Defendants to make fewer calorie claims *instead of* providing a disclaimer that their products are not "low calorie," the Court does not see, and Gustavson does not explain, how the omission of the "not a low calorie food" disclaimer could possibly be an actionable omission under Section 1.21. Accordingly, the Court concludes that Gustavson has failed to adequately allege that Defendants' label statements violate federal law on a material omission theory.

In sum, because the Court concludes that Defendants' fewer calorie claims comply with FDA regulations governing the use of relative claims of special dietary usefulness, the Court finds that Gustavson is attempting to impose a labeling requirement that is "not identical to" federal

---

[6] By contrast, all of the information that makes up Defendants' fewer calorie claims—information that arguably does fall within the purview of Section 101.2(d)(1)—appears on the same panel. Reply at 5-6; *see also* ECF No. 85-3 Exs. A-E (fewer calorie claim, identity of the reference food, percentage difference in calories between reference food and product bearing the fewer calorie claim, and quantitative comparison of per-serving difference in calories between reference food and product bearing the fewer calorie claim all appear on the information panels of the Purchased Products).

14
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

requirements. *See* 21 U.S.C. § 343-1(a)(5) ("[N]o State . . . may directly or indirectly establish . . . any requirement . . . made in the . . . labeling of food that is not identical to" certain FDA requirements, including 21 U.S.C. § 343(r), which applies to "Nutrition levels and health-related claims"). The Court further concludes that Gustavson's efforts to state a claim based on additional alleged regulatory violations fail, both because these additional allegations do not appear in the SAC and because Gustavson fails to plausibly allege that Defendants actually violate any of these additional regulations. Accordingly, the Court finds that Gustavson's claim that the "sugar free" statements appearing on the Purchased Products are unlawful and misleading is subject to express preemption and must be dismissed on that ground. Because Gustavson's sugar free claims fail as a matter of law, and not due to the failure to plead sufficient facts, the Court concludes that amendment would be futile and thus DISMISSES Gustavson's sugar free claims with prejudice.

### B. Nutritive and Non-Nutritive Sweeteners

Gustavson finally contends that the Purchased Products' labels violate federal regulations because Defendants fail to disclose that the Purchased Products "are sweetened with nutritive and non-nutritive sweeteners or to detail the percentage of the product that nonnutritive components comprise," SAC ¶ 63, and because Defendants' website falsely identifies "maltitol, sorbitol and xylitol" as "noncaloric" when, in fact, these ingredients are "nutritive, caloric sweeteners," *id.* ¶ 65.

The Court previously dismissed these allegations for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 9(b), *see* MTD Order at 27 n.4, 36, and will do so again here because the SAC contains no new factual allegations related to nutritive and non-nutritive sweeteners. *Compare* SAC ¶¶ 63, 65-66, (nutritive/non-nutritive sweetener claims in SAC) *with* FAC ¶¶ 110, 112-113 (identical nutritive/non-nutritive sweetener claims in FAC). In addition, to the extent Gustavson asserts claims based on statements appearing on a Wrigley website that Gustavson does not claim to have viewed, these claims fail for lack of standing. *See, e.g.*, *Brazil v. Dole Food Co.*, No. 12-1831, 2013 WL 5312418, at *8-9 (N.D. Cal. Sept. 23, 2013) (plaintiff lacked standing to sue over alleged misrepresentations made on website plaintiff did not personally view). Because Gustavson has repeatedly failed to state a claim for relief based on the Defendants'

15
Case No.: 12-CV-01861-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

alleged nondisclosures regarding nutritive and non-nutritive sweeteners, the Court concludes that further amendment would be futile and thus DISMISSES these claims with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES the SAC in its entirety with prejudice. The Clerk of the Court shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: January 7, 2014

_____
LUCY H. KOH
United States District Judge